UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN KEITH GATHING,

        Petitioner,         Case No. 1:05-cv-136

v.        Honorable Robert Holmes Bell

RAYMOND BOOKER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On February 22, 2005, Petitioner filed his petition (docket #1) raising four grounds for habeas corpus relief. Respondent filed an answer to the petition (docket #7) on August 29, 2005, asserting that Petitioner's application for habeas corpus relief is barred by the one-year statute of limitations. Upon review, I recommend that the petition be dismissed as untimely.

    I.    Procedural History

After a jury trial in the Berrien County Circuit Court, Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316; conspiracy to commit first-degree murder, MICH. COMP. LAWS § 750.157a; and possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. (Pet. at 2, docket #1.) On May 6, 1991, the trial court sentenced Petitioner to concurrent terms of life imprisonment without parole for the first-degree murder conviction and parolable life imprisonment for the conspiracy conviction, consecutive to two years' imprisonment for the felony-firearm conviction. (Sentencing Tr. at 11-12, May 6, 1991, docket #18.)

On May 8, 1991, Petitioner allegedly requested appellate counsel. (*See* Mich. Ct. of Appeals Application for Leave to Appeal Denial of Appellate Counsel, Sept. 17, 1991, docket #19.) When he did not receive a reply from the Berrien County Circuit Court, Petitioner mailed a letter to the trial court on or about July 11, 1991 inquiring as to the status of his appeal. (*See* Letter from Second Judicial Circuit of Mich., July 15, 1991, docket #19.) The trial court responded that no appeal had been filed. (*Id.*) On August 6, 1991, Petitioner requested the appointment of appellate counsel, but the trial court denied Petitioner's request on August 23, 1991 as untimely. (*See* Order Regarding Appointment of Appellate Counsel & Tr., Aug. 23, 1991, docket #19.) Thereafter, Petitioner appealed the denial of his request for counsel to the Michigan Court of Appeals. On March 25, 1992, the Michigan Court of Appeals issued a preemptory order directing the trial court to appoint appellate counsel for Petitioner. (Mich. Ct. of Appeals Order, Mar. 25, 1992, docket #19.) On March 27, 1992, the trial court appointed appellate counsel for Petitioner but also mistakenly initiated a claim of appeal on Petitioner's behalf on April 1, 1992. (*See* Claim of Appeal and Order Appointing Counsel, Mar. 27, 1992, docket #20.) To correct the error, the Michigan Court of Appeals dismissed the appeal on May 20, 1992 for lack of jurisdiction pursuant to Michigan Court Rule 7.216(A)(10). (Mich. Ct. of Appeals Order, May 20, 1992, docket #20.) Although the trial court ultimately appointed appellate counsel for Petitioner, counsel failed to take the appropriate steps to pursue a direct appeal on Petitioner's behalf.

On July 28, 1995, the trial court appointed a second appellate counsel for Petitioner. (*See* Order regarding Appointment of Appellate Counsel & Tr., July 28, 1995, docket #19.) His second appointed counsel filed a motion for relief from judgment on April 23, 1997, which the Berrien County Circuit Court dismissed without prejudice on October 24, 1997, for failure to comply

with Michigan Court Rule 6.502(D). (App. B to Br. in Support of Pet. for Writ of Habeas Corpus, Berrien County Circuit Court Op. & Order Denying Def.'s Mot. for Relief from J. at 2, docket #2.)

On March 17, 2000, the trial court appointed Petitioner's third appellate counsel, who filed a second motion for relief from judgment on December 14, 2000. (*See* Berrien County Justice System Case Event Report at 4, docket #12; App. B to Br. in Support of Pet. for Writ of Habeas Corpus at 1.) On February 13, 2001[1], the trial court denied Petitioner's second motion for relief from judgment with prejudice under Michigan Court Rule 6.508(D)(3). (*Id.* at 3.) The Michigan Court of Appeals affirmed the trial court's decision in an unpublished opinion on May 13, 2003, analyzing and rejecting each of Petitioner's appellate issues on the merits. (App. C to Br. in Support of Pet. for Writ of Habeas Corpus, Mich. Ct. of Appeals Op., May 13, 2003, docket #2.) On November 24, 2003, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. (App. D to Br. in Support of Pet. for Writ of Habeas Corpus, Mich. Supreme Ct.'s Op., Nov. 24, 2003, docket #2.)

On February 22, 2005, Petitioner filed his application for habeas corpus relief, raising the following four grounds:

  I.   [PETITIONER] WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND HIS RIGHT TO APPEAL WHEN HIS PRIOR TWO COUNSELS FAILED TO TIMELY FILE HIS CLAIM[S] IN THE COURT OF APPEALS AND, THEREFORE, [PETITIONER]'S CLAIM OF APPEAL MUST BE REINSTATED;

---

[1] In his application for habeas corpus relief, Petitioner states that the trial court dismissed his second motion for relief from judgment on February 13, 2002. (*See* Pet. at 2, docket #1.) Upon review of the Berrien County Circuit Court's opinion and order denying Petitioner's second motion for relief from judgment, this Court finds the correct date is February 13, 2001. (*See* App. B to Br. in Support of Pet. for Writ of Habeas Corpus, Berrien County Circuit Court's Op. & Order Denying Def.'s Mot. for Relief from J. at 3, docket #2.)

    II.    [PETITIONER] WAS DENIED HIS STATE CONSTITUTIONAL AND FEDERAL FIFTH AMENDMENT RIGHTS WHEN THE TRIAL COURT ADMITTED [PETITIONER]'S INCRIMINATING STATEMENT TO POLICE, WHEN THE [PETITIONER] WAS COERCED INTO GIVING A STATEMENT BY AN IMPLIED PROMISE OF LENIENCY OR EVEN EXONERATION;

    III.    [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN HE WAS CONVICTED OF FIRST[-]DEGREE MURDER AND CONSPIRACY TO [COMMIT FIRST-DEGREE] MURDER ON INSUFFICIENT EVIDENCE;

    IV.    [PETITIONER] WAS DENIED HIS FUNDAMENTAL RIGHT TO PRESENT A DEFENSE[,] WHICH VIOLATED HIS CONSTITUTIONAL RIGHT TO THE DUE PROCESS CLAUSE[']S FUNDAMENTAL-FAIRNESS GUARANTEE[,] WHEN HIS TRIAL COUNSEL'S REQUEST FOR GOOD CAUSE FOR AN ADJOURNMENT WAS UNFAIRLY DENIED.

(Br. in Support of Pet. at 16, 23, 28, 35, docket #2.)   Petitioner presented Grounds II and III in his second motion for relief from judgment, and appealed the denial of those grounds to the Michigan appellate courts.  Petitioner, however, failed to argue Grounds I and IV in his second motion for relief from judgment.  Petitioner presented Ground I for the first time in his application for leave to appeal in the Michigan Supreme Court, and Ground IV in his applications for leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court.

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

    A.    **Section 2244(d)(1)(A)**

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.[3]  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

[3] In an unpublished Sixth Circuit decision, the court found that 28 U.S.C. § 2244(d)(1)(B) may apply in cases where a petitioner has alleged facts that he was actually prevented from timely filing a habeas petition because of the ineffectiveness of his state appellate counsel.  *Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003).  In

provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not pursue a direct appeal from his judgment of conviction, which was entered on May 6, 1991, by the Berrien County Circuit Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See id.* (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review.*") (Emphasis added). Under Michigan Court Rule 7.205(F)(3), Petitioner had one year in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. Petitioner, however, is not entitled to the additional 90-day period during which he could have filed a petition for *certiorari* to the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking *certiorari* in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (finding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, the decision must be considered final

---

*Winkfield,* the court held that the ineffective assistance of counsel in failing to advise the petitioner that a "new trial motion had been denied and thus the time to appeal was running," and actively misleading the petitioner that his "motion and direct appeal were still pending" constituted state action. *Id.* at 582. However, the court ultimately held that § 2244(d)(1)(B) did not apply because the petitioner failed to show a "causal relationship between the unconstitutional state action and being prevented from filing the petition." *Id.* at 583. Likewise, no such allegations have been made in this case. Although Petitioner's first and second appointed appellate attorneys failed to perfect an appeal on his behalf, Petitioner never alleged that those attorneys actively misled Petitioner or erroneously informed him that he had no federal remedies. *See id.* at 582-83. Therefore, the one-year limitations provision set forth in § 2244(d)(1)(B) is inapplicable to this case.

at the expiration of the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999); *O'Valle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Therefore, Petitioner's conviction became final on May 6, 1992, when the time for filing his delayed application for leave to appeal expired.

Because enactment of the AEDPA could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from the enactment of the AEDPA on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). As a result, a petitioner whose conviction became final prior to the effective date of the AEDPA had until April 24, 1997 to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Petitioner's application, filed on February 22, 2005, obviously is untimely.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007). The statute is not tolled during the time that a petitioner petitions for writ of *certiorari* in the United Stated Supreme Court. *Id.* at 1086. Petitioner filed his first motion for relief from judgment on April 23, 1997, which the Berrien County Circuit Court dismissed without prejudice in accordance with Michigan Court Rule 6.502(D) on October

24, 1997.  (App. B to Br. in Support of Pet. for Writ of Habeas Corpus at 1.)  Michigan Court Rule 6.502(D) states:

> Return of Insufficient Motion.  If a motion is not submitted on a form approved by the State Court Administrative Office, or does not substantially comply with the requirements of these rules, the court shall either direct that it be returned to the defendant with a statement of the reasons for its return, along with the appropriate form, or adjudicate the motion under the provisions of these rules.  The clerk of the court shall retain a copy of the motion.

MICH. CT. R. 6.502(D).

As stated above, an application for post-conviction relief must be "properly filed." *See* 28 U.S.C. § 2244(d)(2). An application is ""*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis in original). Petitioner's first motion for relief from judgment did not toll the limitations period because it was not a "properly filed" application for state post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2).  The trial court dismissed Petitioner's first motion for relief from judgment pursuant to Michigan Court Rule 6.502(D).  A state post-conviction application that contravenes a rule of filing under state law is not "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005); *Artuz*, 531 U.S. at 8-9; *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001).  Because Petitioner's first motion for relief from judgment was not filed in accordance with state law, it was not "properly filed," and thus, could not have tolled the limitations period.  Even if Petitioner's first motion for relief from judgment had tolled the statute of limitations, his application for habeas corpus relief would still be untimely.

In his application for habeas corpus relief, Petitioner argues that the filing of his petition is timely in light of *Benoit v. Bock*,  237 F.Supp.2d 804, 807 (E.D. Mich. 2003), because he

can "begin the appellate process anew by filing a motion for relief from judgment." (Pet. at 7, docket #2.)  While Petitioner may fulfill the exhaustion requirement of 28 U.S.C. § 2254(b)(1) by filing a motion for relief from judgment, a properly filed motion for relief from judgment only tolls the statute of limitations while it is pending. *See* 28 U.S.C. § 2244(d)(2).  A properly filed motion for relief from judgment does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Id.*  Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.  Because Petitioner's one-year period expired on April 24, 1997, his second motion for relief from judgment, filed on December 14, 2000, did not serve to revive the statute of limitations period.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp. 254, 259-60 (S.D.N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999).  Accordingly, Petitioner's application for habeas corpus relief is barred by the statute of limitations.

    B. **Equitable Tolling**

    Petitioner argues that "the period of time when he could have (with competent counsel) filed for leave to appeal his conviction, up to the date when competent counsel did file his 6.500 motion and request leave with the Court of Appeals, the filing requirement of 28 U.S.C. § 2244(d)(1)(A) [should be] equitably tolled."[4]  (Br. in Support of Pet. for Writ of Habeas Corpus

---

[4] Even if this Court equitably tolled the statute of limitations from the enactment of the AEDPA on April 24, 1996 to the date of the Michigan Supreme Court's decision regarding the denial of Petitioner's second motion for relief from judgment on November 24, 2003, the filing of Petitioner's application for habeas corpus relief on February 22, 2005 is still untimely.  *See Lawrence*, 127 S. Ct. at 1086 (holding that the statute of limitations is not tolled during the time that a petitioner may petition for writ of *certiorari* in the United Stated Supreme Court for the denial of a state post-conviction motion).  Accordingly, the statute of limitations would have expired on November 24, 2004, almost three

at 19-22, docket #2.) The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented the timely filing of his habeas petition.[5] *Lawrence*, 127 S. Ct. at 1085 (citing *Pace*, 544 U.S. at 418).

Petitioner has failed to allege any facts or circumstances that would warrant equitable tolling in this case. As an initial matter, Petitioner does not allege that he is entitled to equitable tolling under the actual innocence doctrine recognized in *Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005). Although Petitioner argued that the evidence at trial was insufficient to support the jury verdicts of first-degree murder and conspiracy to commit first-degree murder, this argument cannot establish a credible claim of actual innocence for equitable tolling. A sufficiency of the evidence

---

months prior to the filing of Petitioner's application for habeas corpus relief.

[5]Petitioner cites the five factor test in *Dunlap*, 250 F.3d at 1008-009, as the standard for the application of equitable tolling. (*See* Br. in Support of Pet. for Writ of Habeas Corpus at 21, docket #2.) The Supreme Court recently adopted the two-part test from *Pace*, 544 U.S. at 418, for equitable tolling. *See Lawrence*, 127 S. Ct. at 1085. To the extent there are inconsistencies between the Supreme Court and the Sixth Circuit's application of the equitable tolling doctrine, this Court must apply the *Pace* test. A "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citation omitted); *see also* Sixth Cir. R. 206(c).

claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *See Hinds v. McLemore,* No. 2:06-cv-108, 2006 WL 1795137, at *5 (W.D. Mich. June 28, 2006); *Whitt v. Howes,* No. 4:06-11737, 2006 WL 1455560, at *2-*3 (E.D. Mich. May 23, 2006); *Bane v. McKee,* No. 05-CV-70465-DT, 2005 WL 3501407, at *6 (E.D. Mich. Dec. 21, 2005); *Redmond v. Jackson,* 295 F.Supp.2d 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson,* 185 F. Supp.2d 747, 752 (E.D. Mich. 2002); *Holloway v. Jones,* 166 F. Supp.2d 1185, 1191 (E.D. Mich. 2001). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Souter,* 395 F.3d at 590. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." *Souter,* 395 F.3d at 590. To be credible, a claim of actual innocence requires a petitioner to support any allegations of constitutional error with new reliable evidence - exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at his trial. *Schlup v. Delo,* 513 U.S. 298, 317 (1995); *Souter,* 395 F.3d at 590; *Hinds,* 2006 WL 1795137, at *5; *Griffith v. Birkett,* No. 05-72228-DT, 2006 WL 724579, at *4 (E.D. Mich. Mar. 17, 2006); *Carver v. Sherry,* No. 2:04-cv-257, 2006 WL 1046941, at *4 (W.D. Mich. Feb. 8, 2006).

Petitioner maintains that he is entitled to equitable tolling because (i) he diligently pursued his rights; and (ii) his first and second appointed appellate attorneys failed to pursue a direct appeal on his behalf. (*See* Br. in Support of Pet. for Writ of Habeas Corpus at 19-22, docket #2.) Petitioner provides an extensive time line regarding his attempts to monitor the status of his case on appeal prior to the enactment of the AEDPA. The Sixth Circuit has noted that it does not fault a petitioner "for any delay in pursuing his rights based on his efforts - or lack thereof - before the one-

year limitations period was enacted" on April 24, 1996. *Solomon,* 467 F.3d at 934. Prior to the enactment of the AEDPA, a habeas petitioner could file his application for habeas corpus relief at any time. *Id.* at 934-35 (citing *Buchanon v. Mintzes,* 734 F.2d 274, 281-82 (6th Cir. 1984) (holding that a delay of 25 years to challenge a guilty plea did not bar petitioner's federal habeas corpus petition where the state had not been prejudiced in its ability to respond to the claims)). Therefore, it is imperative that Petitioner show that he diligently pursued his rights *after* the enactment of the AEDPA on April 24, 1996. On April 23, 1997, one day prior to the end of the grace period for the statute of limitations, Petitioner filed his first motion for relief from judgment. The trial court denied his first motion for relief from judgment without prejudice on October 24, 1997 for failure to comply with Michigan Court Rule 6.502(D). On March 17, 2000, the trial court appointed Petitioner's third appellate counsel, who filed a second motion for relief from judgment on December 14, 2000 in the Berrien County Circuit Court. On February 13, 2001, the trial court dismissed the motion for relief from judgment with prejudice. Petitioner then appealed the denial of his second motion for relief from judgment in the Michigan appellate courts.

For equitable tolling to apply, the petitioner must "diligently pursue habeas relief." *See Winkfield,* 66 F. App'x at 583-84. Diligence requires that the prisoner at least attempt to monitor the status of his case on appeal. *Id.* Petitioner failed to diligently monitor the status of his case on appeal after the enactment of the AEDPA for the following reasons: (1) Petitioner incorrectly filed his first motion for relief from judgment one day prior to the expiration of the AEDPA grace period; (2) when the trial court dismissed Petitioner's first motion for relief from judgment without prejudice in accordance with Michigan Court Rule 6.502(D), Petitioner failed to correct the deficiency and refile the motion; (3) Petitioner filed his second motion for relief from

judgment approximately nine years after his conviction, and three years after the expiration of the statute of limitations period; and (4) Petitioner filed his petition for habeas corpus relief almost eight years after the statute of limitations expired. Given Petitioner's excessive delays in raising his claims in the state and federal courts, I cannot find that Petitioner "diligently" pursued his claims. The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner also argues that he is entitled to equitable tolling because his first and second appointed appellate attorneys failed to pursue a direct appeal on his behalf and to "inform [him] of that fact."[6] (Br. in Support of Pet. for Writ of Habeas Corpus at 19, docket #2.) Virtually all of their acts and omissions, however, took place before AEDPA was passed. Furthermore, Petitioner is ultimately responsible for monitoring the status of his appeal. *See Winkfield,* 66 F. App'x at 583-84. Petitioner failed to explain why he did not monitor the efforts of his first and second appointed appellate attorneys, hire his own attorney or represent himself. *See Lawrence*, 127 S. Ct. at 1085-086. Even if Petitioner had received incorrect advice from his appellate counsel with regard to his appeal, "a lawyer's mistake [generally] is not a valid basis for equitable tolling."

---

[6] Only Petitioner's first appointed appellate attorney could have initiated a delayed application for leave to appeal in the Michigan Court of Appeals because he was appointed on March 27, 1992, approximately one month prior to the expiration of the one-year period in which to file a delayed application for leave to appeal on May 6, 1992. *See* MICH. CT. R. 7.205(F)(3). After May 6, 1992, Petitioner had one available remedy to raise the issues that he presented in his application for habeas corpus relief: he had to file a motion for relief from judgment under Michigan Court Rule 6.500 *et seq.*

*Jurado,* 337 F.3d at 644 (citing *Whalen v. Randle,* 37 F. App'x 113, 120 (6th Cir. 2002); *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling")); *Allen*, 366 F.3d at 403-04 (attorney's lack of knowledge of the AEDPA's statute of limitations did not equitably toll limitations period). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Jurado,* 337 F.3d at 644-45 (citing *Whalen,* 37 F. App'x at 120). The trial court appointed two appellate attorneys for Petitioner after the expiration of the time for his delayed application for leave to appeal, in July 1995 and March 2000. The Supreme Court recently noted that a state's effort to assist a prisoner by appointing counsel in post-conviction proceedings does not make the state accountable for a prisoner's delay in filing an application for habeas corpus relief. *Lawrence*, 127 S. Ct. at 1085-086. "It would be perverse indeed if providing prisoners with post[-]conviction counsel deprived States of the benefit of the AEDPA statute of limitations." *Id.* at 1086. Accordingly, Petitioner has failed to show the "extraordinary circumstances" necessary to support equitable tolling.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.


Dated:  March 15, 2007              /s/  Joseph G. Scoville
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).